UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE MAYARD, | |
| Movant, | 22-CV-2553 (LAP) |
| -against- | 16-CR-0609-1 (LAP) |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent. | |

LORETTA A. PRESKA, United States District Judge:

Movant Andre Mayard ("Mayard"), currently incarcerated at FCI Ray Brook in Ray Brook, New York, filed a letter requesting leave to submit an untimely motion under 28 U.S.C. § 2255, challenging the legality of his sentence entered in *United States v. Mayard*, ECF 1:16-CR-0609-1, 44 (S.D.N.Y. Nov. 28, 2018) (amended judgment filed July 24, 2020). Mayard asserts in his letter that trial counsel provided ineffective assistance of counsel during plea negotiations. (ECF 1, at 1.) Mayard acknowledges that any motion he eventually files challenging his conviction would be untimely, but he seeks additional time to do so, generally referring to the pandemic as a reason why the Court should toll the statute of limitation period.

As set forth below, the Court construes Mayard's letter as a § 2255 motion, grants Mayard 60 days to file an amended § 2255 motion, and directs him to state facts demonstrating that the doctrine of equitable tolling should apply in this case.

## STANDARD OF REVIEW

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion before directing an answer "[i]f it

plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).  The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Mayard seeks to challenge his November 28, 2018 judgment of conviction, in which he pleaded guilty to (1) one count of conspiracy to distribute and possess with the intent to distribute crack and (2) one count of conspiracy to distribute and possess with the intent to distribute crack and marijuana.  *See Mayard*, ECF 1:16-CR-0609, 44.  The Court sentenced Mayard to 240 months on count one and 60 months on count two, to be served consecutively, for an aggregate term of 300 months' incarceration.  Movant appealed his conviction, and on July 17, 2020, the Court of Appeals for the Second Circuit dismissed the appeal.  *United States v. Mayard*, No. 18-3607 (2d Cir. July 17, 2020) (order granting appellate counsel's *Anders* motion and the government's motion to dismiss Mayard's appeal of his conviction and sentence).

On March 28, 2022, the Court received a letter from Mayard, dated March 3, 2022, in which Mayard asks this Court to toll the statute of limitations because he "believe[s] [he] really received the ineffective assistance of counsel . . . [based on his] lawyer trick[ing] [him] and [manipulat[ing] [him] into accepting a plea deal that was not beneficial to [him]." (ECF 1, at 1.) He argues that trial counsel "informed [him] that the enhancement for the murder would not

2

increase my sentence . . . [and that he] could expect to receive a sentence of ten to fifteen years." (*Id.*)  He claims that trial counsel "promised [him] and guarantee[d] this," but, Mayard argues, because he received 25 years' incarceration, he "was prejudiced." (*Id.*)

In support of his argument in favor of equitable tolling, Mayard asserts that "[t]he pandemic has disrupted everything in prison since March 2020[ ] [and] [i]t still has not returned to normal."  (*Id.*)  Acknowledging that his motion would be untimely, Mayard "was wondering if [he] could use the pandemic and the cruel and unusual conditions inside the prison that it caused to get some additional time to file a meritorious 2255."  (*Id.*)  Finally, Mayard indicates that he would file his motion "immediately." (*Id.* at 2.)

The Court directed the Clerk of Court to open the letter as a new civil action brought under § 2255.

## DISCUSSION

### A.   The Court construes Mayard's letter as a motion brought under § 2255

District courts generally are without jurisdiction to consider the timeliness of a motion until a motion "is actually filed."  *Green*, 260 F.3d at 82.  "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim . . . , a district court is empowered, and in some instances may be required, under *Haines* [*v. Kerner*, 404 U.S. 519 (1972)] to treat that motion as a substantive motion for relief."  *Green*, 260 F.3d at 82.  Here, the Court concludes that Mayard's letter, seeking additional time to file his § 2255 motion, can be construed as a substantive motion under § 2255 because he raises an ineffective assistance of counsel claim and states facts in support of this claim.

**B.     The Court grants Mayard leave to file an amended motion**

Under Rule 2 of the Rules Governing Section 2255 Proceedings, a § 2255 motion

> must (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

A motion must permit the Court and the respondent to comprehend both the movant's grounds

for relief and the underlying facts and legal theory supporting each ground so that the issues

presented in the petition may be adjudicated.

Mayard's letter does not conform to the requirements of Rule 2 because it is unclear

whether he raises all his grounds in the letter.  He also does not sign the letter under the penalty

of perjury.  Moreover, as Mayard has indicated, he intends to file a motion following a ruling on

his request for more time to submit his motion.  The Court therefore grants Mayard 60 days from

the date of his order to file an amended motion that complies with Rule 2.

**C.     Timeliness**

Mayard is correct that the time to file his motion has expired.  On July 17, 2020, the

United States Court of Appeals for the Second Circuit entered judgment granting the

Government's motion to dismiss.  Under revised Supreme Court rules, extending the time to file

a petition for a writ of *certiorari* from 90 days to 150 days,[1] Mayard had until December 14,

2020, to seek review in the Supreme Court.[2]  His time to file a § 2255 motion therefore expired

---

[1] "[I]n any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued prior to July 19, 2021, the deadline to file a petition for a writ of certiorari remains extended to 150 days from the date of that judgment or order." https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf.

[2] The time to file a writ of *certiorari* starts on the date the judgement is entered by the court of appeals, not the date the court of appeals issues its mandate. *See* Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under

one year later, on December 14, 2021.  The Court received Mayard's letter, construed as a § 2255

motion, on March 28, 2022.  Even if the Court accepted the date on the letter, March 3, 2022, as

the filing date pursuant to Rule 3 of the Rules Governing Section 2255 Proceedings,[3] his motion

is still untimely.

## D.   Equitable tolling

Because it is unclear at this stage whether equitable tolling should apply in this case, the

Court directs Mayard to state facts in his amended motion, showing why the Court should toll

the limitation period.

"[E]quitable tolling pauses the running of. . . a statute of limitations when a litigant has

pursued his rights diligently but some extraordinary circumstance prevents him from bringing a

timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). It "applies only in rare and

exceptional circumstances." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (cleaned up).

A litigant must show "a causal relationship between the extraordinary circumstances on which

the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be

made if the [movant], acting with reasonable diligence, could have filed on time notwithstanding

the extraordinary circumstances." *Id.* at 134.

"While the effects of the COVID-19 pandemic could conceivably present extraordinary

circumstances, '[a] [movant] cannot meet his burden of establishing that a court should apply the

doctrine of equitable tolling simply by making a passing reference to the pandemic or the

resulting lockdown." *Hines v. United States*, No. 17-CR-364-2 (CS), 2021 WL 2456679, at *2

---

local practice)."

[3] Rule 3(d) of the Rules Governing Section 2255 Proceedings states that "[a] paper filed
by an inmate confined in an institution is timely if deposited in the institution's internal mailing
system on or before the last day for filing."

(S.D.N.Y. June 16, 2021) (quoting *United States v. Aigbekaen*, No. 15-CV-462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021)).

Here, Mayard's request that the Court toll the limitation period because of the pandemic is insufficient to meet the equitable tolling standard.  He instead must state facts showing that he pursued his rights diligently but that extraordinary circumstances *specific to him* prevented him from timely submitting his motion.  Put simply, Mayard cannot rely solely on the fact that the pandemic generally presented extraordinary circumstances, but rather that, in his circumstances, the pandemic specifically presented circumstances that prevented him from timely filing his motion.

## CONCLUSION

The Court grants Mayard 60 days' leave to file an amended motion under 28 U.S.C. § 2255 containing the information specified above.  The amended motion must be submitted to this Court's Pro Se Office, be captioned as an "Amended Motion" and bear the same docket number as this order. An Amended Motion Under 28 U.S.C. § 2255 form is attached to this order, which Movant should complete as specified above. Once submitted, the amended motion will be reviewed for substantive sufficiency, and then, if proper, the Court will direct the Government to file an answer.  If Mayard fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

Because Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an

appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 1, 2022
   New York, New York

               LORETTA A. PRESKA
              United States District Judge

AO 243
(Rev. 10/07)

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for _____
   Address
   City, State Zip Code

9. **<u>CAUTION:</u> You must include in this motion *all* the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:




   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):


   (b) Date of sentencing:

3. Length of sentence:

4. Nature of crime (all counts):

   _____

   _____

   _____

   _____

   _____

5. (a) What was your plea? (Check one)

   (1)   Not guilty ❑            (2)   Guilty ❑            (3)   Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   _____

   _____

   _____

   _____

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ❑   No ❑

8.  Did you appeal from the judgment of conviction?   Yes ❑   No ❑

9.  If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❑   No ❑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:


(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑   No ❑

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏  No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ❏

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:       Yes ❏   No ❏

(2) Second petition:    Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO**:


(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏    No ❏

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏    No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR**:


(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?       Yes ❑   No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:


16.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ❑ No ❑

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ❑

(a)   If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.