UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE MAYARD,<br>Plaintiff,<br>-against-<br>UNITED STATES OF AMERICA,<br>Defendant. | 16-CR-609 (LAP)<br>22-CV-2553 (LAP)<br>OPINION & ORDER |

LORETTA A. PRESKA, United States District Judge:

In April 2022, the Court determined that Mr. Andre Mayard's motion pursuant to 28 U.S.C. § 2255 is untimely and the Court granted him leave to file an amended motion containing "facts showing that he pursued his rights diligently but that extraordinary circumstances specific to him prevented him from timely submitting his motion." See Mayard v. United States, No. 16-CR-0609-1 (LAP), 2022 WL 992835, at *2-3 (S.D.N.Y. Apr. 1, 2022); see also 28 U.S.C. § 2255(f).

The Court's April 2022 Order, however, was not mailed to Mr. Mayard until April 2025. See S.D.N.Y. 22-cv-2553, docket entry dated 4/10/2025. Thereafter, Mr. Mayard filed — what this Court construes to be — an amended Section 2255 motion. See ECF 5, 7. The Court then ordered the Government to respond to the motion, and the Government did so. See ECF 6, 13.

In his Amended Motion, Mr. Mayard asserts that his untimeliness is excused by the doctrine of equitable tolling

because, from March 2020 through early 2022, there were COVID-19 lockdowns at FCI Ray Brook, which restricted his access to the law library, his attorney, phones, and the mail. See ECF 7 at ECF pg. 16. Mr. Mayard also asserts that he contracted COVID-19 in late 2020 and he had lasting cognitive effects, which made it difficult for him to prepare legal papers. Id. Nevertheless, Mr. Mayard asserts that he pursued his rights diligently by requesting library access, conducting outreach to his attorney, and mailing his initial letter as soon as he could. See id. at 16–17.

Equitable tolling may be available to excuse an untimely petition but only where "the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quotation marks and citations omitted).

Even assuming the truth of Mr. Mayard's assertions, they do not warrant equitable tolling. First, "routine restrictions on prison life do not constitute extraordinary circumstances." Alvarez v. United States, 2019 WL 1428350, at *5 (S.D.N.Y. Mar. 29, 2019); see also Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

Even if they did, Mr. Mayard has not met his burden of establishing he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted); see also Hines v. United States, 2021 WL 2456679, at *3 (S.D.N.Y. June 16, 2021) ("Despite limited library ... access, there is no reason to believe that Defendant could not prepare and submit a simple one-paragraph document to preserve his rights under § 2255." (internal quotation marks and citation omitted).

Accordingly, because Mr. Mayard's motion is untimely under Section 2255, see 28 U.S.C. § 2255(f), and he has failed to establish he is entitled to equitable tolling, the motion must be denied.

In sum, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As Mr. Mayard has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

In S.D.N.Y. 22-cv-2553, the Clerk of Court shall terminate all pending motions and close this matter.

In S.D.N.Y. 16-cr-609, the Clerk of Court shall close docket numbers 66 and 74.

**SO ORDERED.**

Dated: October 9, 2026
New York, New York

Loretta A. Preska

LORETTA A. PRESKA
United States District Judge